# EXHIBIT A

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| Jahaira Bratton<br>37 Bloomington Lane<br>Stafford, VA 22554<br><br>     Plaintiff,<br><br>v.<br><br>Starwood Hotels and Resorts<br>Worldwide, Inc.<br>One Star Point<br>Stamford, CT 06902<br><br>     Defendant. | RECEIVED<br>Civil Clerk's Office<br>DEC 0 7 2013<br><br>Case No. 13 - 0008155<br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Jahaira Bratton (hereinafter "Plaintiff"), by and through her undersigned counsel, and alleges against Starwood Hotels and Resorts Worldwide, specifically, the W Hotel in Washington, DC (hereinafter "Defendant") claims of discrimination and retaliation in violation of the District of Columbia Human Rights Act of 1977 ("DCHRA"). Plaintiff sets forth the facts, claims and seeks relief a follows:

### JURISDICTION AND VENUE

1. Subject Matter of this Court is proper pursuant to the provisions of D.C. Code Annotated, 1981 edition, as amended, Sec. 11-921.

2. Personal jurisdiction over Defendant is invoked pursuant to the provision of D.C. Code Annotated, 1981 edition, as amended, Sec. 13-423.

3. Venue is proper in the District of Columbia ("DC") because this action relates to Plaintiff and Defendant's activities within DC.

1

## FACTUAL ALLEGATIONS

4. Plaintiff is an African-American female.

5. Plaintiff began her employment with Defendant in April 2010 as a server at the POV Lounge of the W Hotel.

6. In 2012, Plaintiff was required to wear new skimpy uniforms with halter tops and very short skirts with a slit up the back that not only objectified her sexually, but also created serious back issues as she was not allowed to wear a regular bra.

7. Plaintiff complained about the uniforms on numerous occasions to multiple managers and human resources over the course of several months. She was told they would be getting new uniforms.

8. On or about February 21, 2013, after the new uniform promise did not come to fruition and after being required to wear the skimpy uniform even in midst of winter on the outdoor patio, Plaintiff submitted a formal complaint to the W Hotel Ethics hotline about the skimpy, sexually degrading uniforms. She had the opportunity to remain anonymous, but chose to give her name.

9. Clearly unhappy with the complaint being filed, management started treating Plaintiff differently.

10. On or about March 2013, Plaintiff was written up for taking a 45 minute break, and purportedly clocking out for only 30 minutes, which was done by combining her 30 minute unpaid break and one of her two 15 minute paid breaks. Plaintiff had already learned from another employee that the security footage had been pulled when she had left for her break, as it was well known and customary for her manager, Scott Vollmer, to pull the security footage of only the African-American servers to check when they were coming and going.

11. When Plaintiff was confronted by Mr. Vollmer, she pointed out that he only pulled security footage for certain people, which further upset him.

12. A short time later, Plaintiff was written up for being 15 minutes late, despite the fact that she was trapped in the work elevator during that time as it was broken.

13. In April 2013, Plaintiff arrived to work and was told that she was being suspended pending an investigation and told to go home.

14. On or about April 16, 2013, Plaintiff was terminated from her position, after being told that she had been late five times over the last 30 days. This termination took place less than two months after Plaintiff complained about the uniforms. Additionally, the majority of these late arrivals were within the seven minute grace period that employees are given to clock in without repercussions and no one else has been reprimanded or terminated for being late within such time period.

15. As a result of this termination, Plaintiff suffered losses financially and emotionally, which have manifested themselves physically.

**COUNT I – RETALIATION UNDER THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT**

16. Plaintiff re-alleges and incorporates the allegations of the previous paragraphs as if fully set forth herein.

17. In order to establish a *prima facie* claim of retaliation, a plaintiff must show that: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; (3) and that there was a causal connection between the protected activity and the adverse employment action.

18. Plaintiff engaged in a protected activity by filing a complaint regarding the sexually degrading uniforms with the W Hotel Ethics hotline.

3

19. Plaintiff suffered an adverse employment action by the employer when she was written up multiple times and subsequently terminated from her position.

20. There is a casual connection between the protected activity and the adverse employment action, as they are close in time and proximity and the actions of Defendant did not occur prior to Plaintiff's complaint, nor did Defendant take any adverse actions against people committing the same alleged offenses.

## COUNT II – DISPARATE TREATMENT DISCRIMINATION UNDER THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

21. Plaintiff re-alleges and incorporates the allegations of the previous paragraphs as if fully set forth herein.

22. In order to establish a *prima facie* claim of disparate treatment discrimination, plaintiff must establish that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination.

23. Plaintiff is a member of a protected class as she is African-American.

24. Plaintiff suffered an adverse employment action when she was written up and subsequently terminated.

25. The unfavorable action gives rise to an inference of discrimination as Scott Vollmer only watched and reviewed security footage of African-American employees before writing up Plaintiff, and as employees of other races similarly situated to Plaintiff were not written up or fired for similar actions.

26. Plaintiff suffered financial and emotional damages as a result of this disparate treatment discrimination.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Jahaira Bratton, prays for judgment against Defendant for not less than $350,000 as follows:

a. That judgment be entered in her favor against Defendant;

b. For liquidated damages, including back pay in an amount to be proven at trial;

c. For compensatory damages of pain and suffering an amount to be proven at trial;

d. For other general and special damages in an amount to be proven at trial;

e. For punitive damages in an amount sufficient to punish and set an example of Defendant;

f. For attorney's fees and other costs of bringing suit;

g. For prejudgment interest;

h. For such other relief that the court deems just and proper.

### REQUEST FOR JURY TRIAL

Plaintiff respectfully requests that all matters contained in this Complained be tried by Jury.

Respectfully Submitted,

THE BEZDICEK LAW FIRM

Dated: December 7, 2013

_____
Sofia Yazykova (Bar #1004969)
Jennifer L. Bezdicek (Bar #979041)
20 F Street NW, Suite 700
Washington, DC 20001
(202) 617-0707



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAHAIRA BRATTON
   Vs.                                                          C.A. No.      2013 CA 008155 B
STARWOOD HOTEL AND RESORTS WORLDWIDE, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                              Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL L RANKIN
Date:  December 7, 2013
Initial Conference: 9:30 am, Friday, March 07, 2014
Location:  Courtroom 517
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_Johanna Cruller_
_____
Plaintiff

vs.

Case Number  13-0008155

_Starwood Hotels and Resorts Worldwide Inc_
_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Jennifer Bezdicek_

**Name of Plaintiff's Attorney**
_The Bezdicek Law Firm_
_8 F Street NW Suite 700_
**Address**
_Washington DC 20001_

_(202) 617-0707_
**Telephone**

Clerk of the Court

By _____
         Deputy Clerk

Date _12/03/2013_

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

    See reverse side for Spanish translation
    Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                  CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
                               Demandante
          contra

                                                                Número de Caso: _____

_____
                               Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                        *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

_____                                  Por: _____
Dirección                                                                                                      Subsecretario

_____

_____                                  Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc